# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLAYTON YOUNG, #330828 <br> WILLIAM WRIGHT, #342472 <br>                Plaintiffs, | * <br><br> * |
| v. | *   CIVIL ACTION NO. **RWT-07-1613** |
| GOVERNOR MARTIN O'MALLEY <br> SECRETARY PUBLIC SAFETY AND <br>  CORRECTIONS <br> COMMISSIONER OF CORRECTIONS <br> STATE OF MARYLAND <br>                Defendants. | * <br><br> * <br><br> * <br><br> *** |

## **MEMORANDUM OPINION**

Pending before the Court are several preliminary motions filed by Plaintiffs. First, Plaintiffs have moved for a Restraining Order seeking to enjoin Plaintiff Wright's transfer from the Jessup Pre-Release Unit ("JPRU") to the Western Correctional Institution ("WCI"). (Paper No. 5). They argue that this is an attempt to separate Mr. Wright from Plaintiff Young in retaliation for the filing of this suit.[1] *Id.* Further, Plaintiffs complain that their incoming and outgoing mail has been opened and that they have been subjected to harassment by JPRU staff. Because Plaintiffs have failed to show that they will be subject to irreparable and immediate harm if emergency relief is not granted, as is required for a temporary restraining order, *see Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991), the Motion for Restraining Order shall be denied. These allegations of retaliatory transfer and mail tampering, however, shall be construed as supplemental claims to the Amended Complaint and Defendants shall be directed to file a response to same.

---

[1] Mr. Wright alleges that he is classified to medium security and has family in northeast Maryland, while WCI is a maximum security facility and is a distance from family members. (Paper No. 5).

Second, Plaintiffs have filed two Motions to View, asking for an inspection of several areas of the JPRU complex. (Paper Nos. 6 & 8). The Motions shall be denied without prejudice. Given that a scheduling order has not been issued in this matter, discovery in any form is inappropriate at this time. *See* Local Rule 104.4. (D. Md. 2004); *see also* Fed. R. Civ. P. 26(a)(1)(E)(iv).

Finally, Plaintiffs have filed a Motion for Appointment of Counsel, arguing that counsel should be appointed due to their lack of legal materials, indigency status, lack of legal expertise, and complexity of the case. (Paper No. 7). Plaintiff Wright further states that he cannot proceed *pro se* in this matter due to his age and physical health and limitations. *Id.*

A federal district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[2] is discretionary, with appointment being appropriate only where an indigent claimant presents exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The determination as to whether such exceptional circumstances exist depends on the characteristics of the particular claim and the litigant involved. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrog'd on other grounds. "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978).

This cause of action raises claims under Title II of the Americans With Disabilities Act and the Rehabilitation Act. (Paper Nos. 1 & 10). Given the demonstrated wherewithal of Plaintiffs to present and argue their claims before the Court in their filings thus far, the Court concludes that

---

[2] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

there is no basis at this time to conclude that Plaintiffs lack the capacity to proceed on a pro se basis and the Motion to Appoint Counsel shall be denied without prejudice.

    A separate order follows.

                                                /s/
                                ROGER W. TITUS
                        UNITED STATES DISTRICT JUDGE